## No. 12,437.

### STATE EX REL. JOSEPH L. COURTNEY, PRAYING FOR HABEAS CORPUS.

The District Court had jurisdiction over the case. This court, upon an application for a writ of *habeas corpus*, declined to oust the District Court of jurisdiction.

The court is without authority in these proceedings to determine whether the jury was discharged with cause sufficient, or without cause. The law presumes that there was sufficient cause until the contrary appears. The writ of *habeas corpus* is not the proper remedy to bring up the questions involved for review. It was within the power and duty of the District Court to discharge the jury for gross irregularities which would have vitiated the verdict. The irregularities charged can not be reviewed on *habeas corpus*. For the purpose of discharging the applicant, the court will not on *habeas corpus* consider the sufficiency of facts relied on as evidencing former jeopardy.

This court may inquire, under a writ of *habeas corpus*, into the jurisdiction of the court over the one condemned, but can not correct errors in proceedings and vacate an order under which the accused is held for trial.

In a case presenting similar issues, this court discharged the rule *nisi* and denied the application. 45 An. 316; Church on *Habeas Corpus*, Sec. 254; 60 N. Y. Court of Appeals, 570.

Our statutes have not enlarged the functions of the writ as interpreted under the common law. The assignment of errors does not add to the functions of the writ of *habeas corpus*.

*Pujo & Moss* and *Edward L. Wells* for Petitioner.

*M. J. Cunningham*, Attorney General, and *A. R. Mitchell*, District Attorney, for Respondents.

Argued and submitted March 8, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

BREAUX, J. The relator being in confinement in the jail of the parish of Calcasieu applied for a writ of *habeas corpus*, alleging that his imprisonment was without authority of law.

An order *nisi* was issued upon the petition in the usual form.

The trial judge in his answer controverts the grounds upon which the relator claims to have been placed in jeopardy.

The prominent facts are that a jury had been empaneled, the evidence had been heard when the court adjourned on Saturday night to the following Tuesday. The two intervening days were *dies non.* A copy of the minutes shows that on Tuesday, after the jury had returned into court, by order of the court they were discharged "on account of gross irregularities on the part of the jurors and the officers in charge, pending the sequestration, brought officially to the attention of the court by the officers thereof."

It also appears of record that defendant's counsel objected to the discharge of the jury and denied that there were any irregularities.

The charge against the accused, for which he was being tried when the order was issued, was murder. He was remanded to jail.

It is alleged by the defendant that the order of the judge recommitting him to jail was illegal, and he assigns as reason that the record fails to prove that any evidence was taken by the court from which the fact was adjudged that it became necessary to discharge the jury.

The sheriff, in compliance with the order *nisi* issued by this court, states that he was requested by the relator to release him from further custody; that in obedience to the order of the trial judge he refused.

The trial judge in his answer disagreed with counsel for defendant in regard to certain facts alleged by them. It does not appear of record that the defendant applied to the District Court to be released, on the grounds urged on the application for the writ of *habeas corpus.*

Before this court, on behalf of the State, it is urged that *habeas corpus* is not defendant's remedy.

A similar question was before us for our determination in the case of State *ex rel.* Emma Williams vs. Remy Klock, 45 An. 316, in which case we decided not to discharge a prisoner on *habeas corpus* (while an indictment is pending), on the ground of *autrefois convict* and *autrefois acquit.* That decision was carefully discussed by us at the time it was rendered. Notwithstanding, we will not rest our decree upon that decision alone. The ground, in our view, is amply supported by authority and the texts of writers. We have before

us the second edition of the work of Mr. Church on *Habeas Corpus*, from which we quote *in extenso* upon this point, as it has a direct bearing upon the issue here involved:

" In a late California case, the petitioner for a writ of *habeas corpus* had been convicted for killing one Madden. On appeal a second trial was ordered, and after both the prosecution and defence had introduced their evidence, the District Attorney moved the court that the jury be discharged from the further consideration of the case, on the ground that it appeared from the evidence that an offence of a higher nature than that charged in the indictment had been committed. The indictment, as it then stood, was for manslaughter. The court granted the motion, and made an order that the defendant be committed to answer any indictment which might be found against him for murder. On *habeas corpus*, the Chief Justice of the Supreme Court said: ' The order was made by the District Court, the judge of which court is a magistrate vested with authority to hold accused persons to answer—and was entered after hearing the evidence touching the alleged killing of Madden by the prisoner. Whether the order was irregularly entered, was erroneous, or what defence or advantage it may possibly afford the prisoner, should he be again put upon his trial for the killing of Madden, are questions which it is not the office of the writ of *habeas corpus* to present for our consideration.' " Sec. 238.

The facts and the law involved in the cited case are quite similar to the fact and law in the case before us for our determination. We fully agree with the doctrine of the cited case.

In another section the text writer announces: " Neither will once in jeopardy be reviewed or inquired into on a *habeas corpus*. If pleaded and disregarded, it is an error to be corrected by an appeal " Sec. 253.

In the note on the same page we read: " Where there has been a legal jeopardy it is equivalent to a verdict of acquittal, and the proper course for the prisoner to pursue is to move in the trial court for his discharge, as he is entitled to it. *Habeas corpus* is not the proper remedy," citing a number of decisions.

The text writer from whose work we have quoted refers to a Michigan case involving the foregoing principles, also to an Indiana case, Sec. 254; and adds that no authority can be found *in any way countenancing a contrary doctrine*. Sec. *ib.* (Italics ours.)

The court had the authority to discharge the jury for gross irregularities which would have affected and vitiated the verdict. We refer only to such irregularity as might disqualify jurors for the proper discharge of their duty.

The correctness or incorrectness of the order depends upon the existence of certain facts, upon which the lower court has passed. To correct the ruling *habeas corpus* is not available. The facts are not before us which would enable us to determine whether the jury was discharged without cause, neither was the method followed by the trial judge in the matter of ascertaining these facts before us in proper form for our review of the questions involved.

Great prominence is given to the fact alleged on the part of the defence, that counsel although present in court were not given an opportunity to be heard, or to cross-question witnesses to the irregularity.

This statement as made has met with denial on the part of the respondent.

Be it as it may, in case of the discharge of a jury, in absence of defendant, a much stronger case for defendant than the one before us, it was advanced as correct and as supported by several cited cases that " conceding that the court erred in discharging the jury, and that the alleged error was cognizable in a court of review, *it could not be reviewed* without the record in the cause was properly before the court of review in such a way " as to give it a revisory power under its appellate jurisdiction." But such an error " is a mere irregularity and should not be reviewed under this writ. It does not affect the question of jurisdiction, and where a court has jurisdiction it is within its power and authority, and is clearly its duty to entertain, hear and determine every question that may possibly or legitimately arise during the progress of the trial to final judgment of conviction or acquittal. The fact, therefore, if it be one, that the court has improperly discharged the jury in the enforced absence of the prisoner does not dispossess the court of its jurisdiction over the cause." Sec. 254.

The fact, even if it be as urged by defendant, can not be invoked by *habeas corpus*, in the absence of a complete record in the cause.

From a well reasoned case we quote: " If the judgment is merely erroneous, the court having given a wrong judgment when it had jurisdiction, the party aggrieved can only have relief by writ of

error or other process of review. He can not be relieved summarily by *habeas corpus.*" People *ex rel.* Tweed vs. Liscomb, 60 N. Y. (Court of Appeals) 570.

There is nothing as we read the article of the Constitution which detracts from the force of the authorities we have cited. The provisions of the article upon the subject are that this court shall have power to issue writs of *habeas corpus* at the instance of all persons in actual custody in cases where it may have appellate jurisdiction. These provisions do not add to the common law remedy by *habeas corpus*. The extent of the application of the writ is not enlarged. The weight of decisions in other jurisdictions regarding the relief it *(habeas corpus)* offers, is not lessened by our Constitution or by our statutory enactment.

The Code of Practice of this State adopts, in effect at least (and does not enlarge), in criminal cases, the functions of the most celebrated Writ in the English law and the constitutional writ in this country. 2 Kent, 23; 3 Cooley's Black. 129. In adopting the substance of the *habeas corpus* act there is nothing in the language of the Art. 822 of the Code of Practice denoting that it was ever designed to trench upon the functions of other writs or upon jurisdiction on appeal.

The "indictment creates a presumption of guilt for all purposes except the trial before the petit jury." Church on *Habeas Corpus*, p. 440 (note).

While under indictment an imprisoned accused is deprived of his liberty under due process of law.

In the case before us the accused is held according to the law of the land.

The discharge of an accused after the evidence has been closed before verdict without necessity operates an acquittal.

On the other hand, the discharge of a jury, rendered necessary for the purpose of justice, does not operate an acquittal.

We do not think we are authorized on this application for *habeas corpus* to vacate the order of the District Judge under which the accused was imprisoned.

It is therefore ordered, adjudged and decreed that the rule *nisi* which issued in the case be discharged and the application for writ of *habeas corpus* denied.