No. 13,043.

.STATE EX REL. THELESMAR MARCEAUX VS. JUDGE C. DeBAILLON, OF THE SEVENTEENTH JUDICIAL DISTRICT COURT.

SYLLABUS.

.Motions to quash and rulings thereon in the court below are reviewable only on *appeal*. Cases are not to be tried piece-meal, and issues of that character are to be determined and passed on under the appellate jurisdiction, and not under the supervisory jurisdiction of the Supreme Court. State *ex rel.* Crozier vs. Rost, 49 An. 1451.

.Prescription is a plea to be presented to the court of first instance and passed on by it in criminal cases. The ruling of the court on the plea comes up for review on appeal from final judgment in the cause. The Supreme Court is not authorized under its supervisory jurisdiction to take up the question of prescription as an original proposition, and deal with it as such.

ON APPLICATION for writs of *certiorari* and prohibition.

*L. L. Bourges* for Relator.
Respondent Judge *pro se*.

Submitted on briefs January 18, 1899.
Opinion handed down January 23, 1899.
Rehearing refused February 6, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. In relator's application for prohibition he avers that he is about to be tried in the parish of Vermillion upon five papers purporting to be indictments found against him by what is claimed to have been a grand jury for that parish, but in reality by one which had ceased to have any legal existence. That it was empaneled on May 9, 1896, and went out of existence on the 12th of May, 1898 (date of the going into effect of the Constitution of 1898), by the terms of Article 117 of the Constitution of 1898. That said indictments were null and void, and the District Court had no jurisdiction of the said five cases, because the grand jury was composed of sixteen jurors instead of twelve, as Article 117 of the Constitution required.

That immediately after said indictments were found, relator filed motions to quash the said indictments on the grounds aforesaid, which motions were overruled, and relator reserved bills to the ruling.

That, furthermore, prosecution for the acts for which he was about to be tried was barred by prescription, and relator was entitled to be discharged, the court having no jurisdiction, by reason of the effect, of said prescription.  On these grounds relator prayed that the records in the five cases be ordered to be sent up under a writ of *certiorari;* that a writ of prohibition be directed to the judge of the District Court for Vermillion parish, forbidding him from proceeding any further in said cases; that, after due proceedings, the said writ be made perpetual, and a decree rendered annulling said pretended indictments, and maintaining the prescription of one year, and discharging relator from the charges.  In his return to the writ served on him, the district judge answered that the indictments found against relator were returned by a grand jury legally organized on May 10, 1898, under the then existing Constitution and laws, and before the Constitution of 1898 went into operation; that said grand jury had immense labors before them, and it had not completed its labors when the Constitution of 1898 went into operation.

That on May 17, 1898, it returned four bills of indictment against relator, and on May 20th (the day on which it completed its labors, and was discharged), it returned a fifth bill against him.  That the framers of the Constitution did not intend to stop the whole machinery of a court which, on the day of the adjournment of the convention, was in full operation, and quash all trials and proceedings not at that moment completed, and to begin over again by drawing another grand jury for service at a session begun before the Constitution became operative.  That the proceedings attacked were protected by Article 325 of the Constitution of 1898, to the effect that all informations and indictments which had been found or filed, or should thereafter be found or filed, for any crime or offence committed before the adoption of that Constitution, might be prosecuted as if no change had been made.

That relator raised the same complaints against these indictments which he is now urging in the case against him of the State of Louisiana vs. Thelesmar Marceaux (12,365), in June, 1898, when that case was on appeal before the Supreme Court, and that he (the judge) had

been reliably informed that relator's counsel had formally waived and abandoned the same in open court.

We are of the opinion that the orders heretofore issued in this matter should be set aside, and relator's application for a prohibition, and for his discharge, should be refused.

If true it be, as relator alleges, that the indictments returned against him are null and void, that fact can and will be passed upon and so decreed in due course on appeal taken by relator from an adverse verdict and judgment, should one be rendered against him, unless he should have been found to have cut himself off from the right to urge such objections.

Motions to quash, and rulings of court thereon, come up for review in the Supreme Court on the appeal taken from the final judgment in the cases in which they are made. These motions, and the rulings thereon, can not be detached from the cases themselves and made the subject matter of review by the Supreme Court in the exercise of its supervisory jurisdiction.

Cases are not to be tried piece meal in that manner, and issues of that character are to be determined and passed on under our appellate, not our supervisory jurisdiction. State *ex rel.* Crozier vs. Rost, 49 An. 1451. Relator's application to have this court declare that prosecutions against him for the acts with which he is charged are barred by prescription, and to have us order him discharged, is so utterly without foundation, as to call for no special mention.

Prescription is a plea to be presented to and determined by the court of the first instance. The ruling of the court on the plea comes up for review on appeal from the final judgment in the cause.

It is not pretended that such plea has ever been presented or acted on by the District Court. We are not authorized, under our supervisory jurisdiction, to take up the question of prescription as an original proposition and deal with it as such. Had the plea been made and overruled, the same reasons which we have given for not detaching the ruling of the District Court, on a motion to quash from the main case, and reviewing it under our supervisory jurisdiction, would apply.

For the reasons assigned it is hereby ordered, adjudged and decreed, that the order heretofore issued be set aside, and relator's application made herein be, and the same is refused, and his application dismissed.