(58 South. 515.)

No. 19,401.

STATE v. CONRADI.

Ex parte CONRADI.

(April 22, 1912.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1192*)—APPEAL—DISPOSITION OF CAUSE—EFFECT OF DECISION.

The ruling of this court to the effect that a bill of information is defective in certain respects and therefore fails to charge the offense intended to be charged, in the manner required by law, does not estop the district attorney from framing and filing an information in accordance with such ruling, nor does it oust the jurisdiction of the district court with respect to the charge contained in an information purporting to have been so framed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231–3240; Dec. Dig. § 1192.*]

2. HABEAS CORPUS (§ 4*)—CRIMINAL LAW (§ 1011*)—CERTIORARI—EXISTENCE OF REMEDY BY APPEAL.

Whether an information charges an offense known to the law is a question for the trial court to decide, and its decision upon which, being reviewable on appeal, will not, where the proceedings were regular, be reviewed on application for habeas corpus and certiorari.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4;* Criminal Law, Cent. Dig. § 2569; Dec. Dig. § 1011.*]

3. INDICTMENT AND INFORMATION (§§ 9, 41*)—PRELIMINARY EXAMINATION—NECESSITY.

No preliminary examination is required as a condition precedent to the finding of an indictment or the filing of an information.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 34, 152, 163–169; Dec. Dig. §§ 9, 41.*]

Joseph Conradi was convicted of having delivered a threatening letter with intent to extort money or property and immunity from criminal prosecution, and applies for writs of habeas corpus and certiorari. Denied, and proceeding dismissed.

Girault Farrar, for relator.

Statement of the Case.

MONROE, J. Relator alleges that he is held in custody by the sheriff of the parish of Jefferson, under a mittimus, issued by the judge of the Twenty-eighth judicial district court in a proceeding in which the district attorney for that district, by information, seeks to charge him with having delivered to Rev. Theophile Stenmans a certain threatening letter (purporting to have been written in German, and translated into English), "with intent to extort money, property, and immunity from criminal prosecution"; that he moved to quash said information on the ground that the court was without jurisdiction, for the reasons that the information sets out no crime known to the law of this state, is without probable cause or legal foundation, and that no prior judicial inquiry had been made by any committing magistrate. He further alleges that, after hearing, the motion to quash was overruled, and he was ordered to plead, to which ruling he reserved a bill of exception, and, by advice of counsel, refused to plead, whereupon, on motion of the district attorney, a plea of not guilty was entered in his behalf. to which he, also, excepted. He further alleges that, on a previous occasion, said district attorney had filed an information against him pretending to charge the

same offense, and that, after a pretended trial and conviction, relator appealed, and said conviction was set aside by this court on the grounds that none of the pretended threats set out in said injunction were within Act No. 110 of 1908, upon which the prosecution purported to have been based, and "that the said former information did not embody and set out, in German and in English, totidem verbis, the said letter in the German language," and that relator was ordered to be released and discharged without day; that the mandate of this court was made executory on March 15, 1911, and that relator was released by the sheriff, and was leaving the jail, when he was rearrested and incarcerated, upon a pretended capias, under the present information, which seeks to charge the identical offense sought to be charged by the other. He further alleges that on the trial of said motion to quash his counsel showed to the trial judge that, unless he sustained the same, his ruling would be "tantamount to the holding of this honorable court in contempt, * * *" and would be a manifest denial of relator's rights under the Constitution of the United States and of the state of Louisiana," but that the motion was nevertheless overruled, and, upon his refusal to plead, relator was remanded to the custody of the sheriff, and his bond ordered to be canceled, and that he now stands committed, as of contempt, for the mere assertion of his legal and constitutional rights in the premises, for his refusal to plead or to consent to have his plea entered, nolens volens, to a manifestly bad, defective, and utterly void information, as appears by the race thereof.

"And, finally, your relator avers and shows that all of the proceedings and doings of the said Twenty-Eighth judicial district court, * * * from the time of the filing of the said present pretended information, * * * are now, and were, * * * wholly void for want of jurisdiction, and the same were, and are, not due process of law."

He prays that a writ of habeas corpus be issued, directing the sheriff to produce him in court and show cause why he should not be released, and that a writ of certiorari be issued, directing the clerk to send up a copy of the record. There are annexed to the petition copies of the bill of information of which relator complains and of his motion to quash, from which (copy of the bill) it appears that the letter upon which the prosecution is based is set forth, "according to its tenor," in the German language, together with an English translation of the same.

### Opinion.

[1] In the case as originally presented to this court, it was held that (quoting the syllabus):

"Under Act No. 110 of 1908, relative to the sending or delivering of threatening letters, with intent to extort money, etc., the indictment or information should set forth the alleged letter, according to its tenor, and an English translation of the same, if it is in a foreign language."

In the body of the opinion, the court, after noting certain defects, says:

"The information is defective in other particulars, but the radical defect in the information is that it does not set forth either the substance or tenor of the alleged threatening letter."

And then, after quoting from text-writers to the effect that, in such cases, "the proper course is to give, first, an exact copy of the original, and then follow it with an English translation," the opinion proceeds:

"We adopt this rule of practice as necessary to inform the accused of the nature of the charge and thereby enable him to challenge its sufficiency by plea, and to prepare for his defense on the merits."

And the verdict and sentence were set aside, the information quashed, the bond canceled, and the accused ordered to be discharged.

[2, 3] There is nothing in the ruling so made which could be held to have estopped

the district attorney from framing and filing an information in accordance with such ruling, or which could be held to oust the district court of jurisdiction with respect to the charge contained in an information so framed and filed. Whether as it now stands the information charges an offense known to the law was a question for the district court to determine, and its decision upon which is reviewable in this court on appeal, but (the proceeding having been regular) not on application for habeas corpus and certiorari. State ex rel. Williams v. Sheriff, 45 La. Ann. 316, 12 South. 307; Marr's Cr. Jur. § 215, etc. No preliminary examination is required as a condition precedent to the finding of an indictment or the filing of an information. Marr's Cr. Jur. pp. 345, 346. Relator's application is therefore denied, and this proceeding dismissed at his cost.