ROGERS, J.
 

 On September 11, 1922, an information was filed in case No. 3859' of the district court for the parish of Webster, charging relator with the possession of intoxicating liquor for beverage purposes. When arraigned on September 13, 1922, he pleaded guilty and was sentenced to pay a fine Of $500 and to serve 60 days in jail. He paid the fine. The jail sentence was suspended during good behavior.
 

 On September 19, 1924, relator was charged in two informations filed in the same •court: First, in case No. 4181, with selling intoxicating liquor for beverage purposes; Jand, secondly, in case No. 4183, with the possession of intoxicating liquor for sale for beverage purposes. In the latter bill, relator was additionally charged with having violated section 3 of Act 39 of 1921 relative to a second offense. Relator was tried on the same day under both informations, and was found guilty as charged. In the first case he was fined $500 and sentenced to ’ serve 60 days in jail. In the other case, as a second offender, he was fined $1,000 and sentenced to serve 12 months in jail, and in default of payment of the fine and costs to be imprisoned for an additional term of 12 months. On appeal to this court the convictions and sentences in both cases were affirmed. State v. Hemler, 157 La. 909, 103 So. 257, 259.
 

 After the cases had been finally disposed of by this court, in execution of the sentences, as well as of the suspended sentence imposed in case 3859, relator was incarcerated in the parish jail. After serving 60 days of his imprisonment, he applied to the sheriff of Webster parish for his release, offering to pay two separate £nes of $500 each and all costs of the prosecutions; his contention being that the sentence on the three charges ran concurrently, and that he had served the maximum limit of time that could be given as a jail sentence, since the sentence imposed in case No. 4183 was illegal and excessive. The sheriff refused to admit the correctness of relator’s contention, denied his application for release, and continued to hold him as a prisoner. /
 

 Relator applied to the board of pardons for relief from the alleged excessive sentence in said ease No. 4183. His application was denied. Subsequently he instituted proceedings in the district court for the parish oí Webster to obtain his liberty by a writ of habeas corpus. After a hearing on this action, the district judge refused to grant re-' lator any relief. He then applied to this court for the necessary writs. On this application a rule nisi issued, coupled with an order to release relator on bond conditioned according to law and in an amount to be fixed by the district judge, during the pendency of these proceedings.
 

 
 *225
 
 Although the point now made by relator was not presented in the trial, nor on the appeal, of ease No. 4183, we do not understand that its soundness is seriously disputed by the prosecuting authorities. In fact, the record on its face discloses its merit. The charge against relator in the .information filed in case No. 3859 was the
 
 unlmoful possession
 
 of intoxicating liquor for beverage purposes. The charge as contained in the information filed in case No. 4183 was the
 
 'unlawful possession
 
 of intoxicating liquor
 
 for sale
 
 for beverage purposes. The information in case No. 4183 specifically and by reference declared that the offense charged in' case No. 3S59 was the same as the offense set forth in case No. 4183, and that relator was therefore guilty of a second offense.
 

 Section 3 of Act 39 of 1921 reads as follows :
 

 “That any person who shall violate the provisions of this act by manufacturing, or having in
 
 possession, for sale,
 
 or, by selling intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense shall be fined not less than one hundred dollars ($100.00), nor more than one thousand dollars ($1,000.00) and be imprisoned not less than thirty days nor more than twelve months; and any person who shall otherwise violate the provisions of this act shall, upon conviction, be fined as hereinabove provided, or may be imprisoned not exceeding the maximum limits hereinabove provided, or, may be both fined and imprisoned, at the discretion of the court.” (Writer’s italics.)
 

 The first portion of the quoted, section, in express terms, applies to those who violate the provisions of the statute by manufacturing, by possessing for sale, or by selling intoxicating liquors. It is specifically declared, that the commission of any of these» offenses for the first time shall be punished by fine and imprisonment; the prison sentence being made mandatory. The provision relating to the second or subsequent offense immediately follows in the same sentence, and is separated only by a comma, thus indicating as plainly as could be done that the second offense clause applies only to the three violations referred to just above it. The second penalty clause is separated from what follows by a semicolon, and the statute then goes on to provide the penalty for the violation of any of its other provisions, such as possessing liquor for beverage purposes, transporting intoxicating liquors, advertisements, or soliciting or receiving orders for the sale of such liquors.
 

 Manifestly the mere possession of intoxicating liqpor for beverage purposes is not as serious an offense as the manufacturing for sale, possessing for sale, or actually selling such liquor for such purposes. It would certainly be against all reason and 'justice to inflict the same severe penalty on one who merely possesses' liquor for his own use as on the one who makes a profit out of the traffic by manufacturing or selling intoxicating liquor. It is clear that-this distinction was in the minds of the lawmakers when they enacted the statute. If the Legislature had intended to provide a 'penalty for a second offense for the violation of all of its provisions, it would have said so in plain and simple, language. We think the statute was -inte'nded to discriminate, and that it does discriminate, between the two classes of offenses. This being so, it is clear that the offense charged against relator in the information in case No. 3589 could not be made to serve as a predicate for the charge of a second offense under the information in pase No. 4183. The sentence in said case, therefore, was excessive,; in so far as it was inflicted upon relator for the commission of a second or additional offense.
 

 The general rule is that, where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not ren
 
 *227
 
 der the Jegal oj; authorized portion of the sentence void, but leaves only such portion of the sentence as may be in excess open to question and attack. In other words, the sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separate, and may be dealt with, without disturbing the valid portion of the sentence. Prior to the expiration of that part of the sentence which the court could legally impose Jhe prisoner will not be discharged on habeas corpus. 12 R. C. L. § 27, pp. 1208, 1209; Bailey, Habeas Corpus, § 49 et seq. Where, however, that part of the sentence which is legal has been served or satisfied, the prisoner is entitled to his discharge on habeas corpus. See note to 51 L. R. A. (N. S.) at page 379 ; 29 C. J. § 50, p. 60.
 

 The respondents, the district judge and the district attorney, cite State v. Fenderson, 28 La. Ann. 82; State v. Brewster, 35 La. Ann. 605; In re Courtney, 49 La. Ann. 685, 21 So. 729; In re State ex rel. Cayard, 52 La. Ann. 4, 26 So. 773; State v. Conradi, 130 La. 701, 58 So. 515—together with decisions from the federal and other state courts. We do not find,, from our examination of these cases, that they apply to the present case, or that they announce any doctrine or enunciate any principle contrary to or at variance with the general rule to which we have hereinbefore referred.
 

 Inasmuch as the maximum penalty that the court yvas authorized under the statute to impose upon relator in case No. 4183 was a fine of $500 and imprisonment for 60 days, it necessarily follows that so much of the sentence as exceeds said maximum penalty is illegal, and that relator, upon showing that he has served or satisfied the valid part of his said sentence, is entitled to be released from further imprisonment.
 

 It appearing-from the record in these proceedings that relator has served the maximum limit of 60 days’ imprisonment, and that he has tendered the sum of $500, the maximum limit of the fine which the court was authorized to impose upon him, and the costs of said-prosecution, it is our conclusion that upon the payment of said fine and costs he should be discharged and released from further detention by the sheriff.
 

 For the reasons assigned, it is therefore ordered, adjudged and decreed that the rule nisi herein issued be made absolute, and accordingly that the writs herein applied for be made peremptory; and it is now ordered and decreed that, upon the payment by the relator of two fines of $500 each, and the costs in cases Nos. 4181 and 4183 of the docket of the criminal court for the parish of Webster to the sheriff of said parish, that the said sheriff shall release and discharge Fred. I-Iemler, the relator,_ from further detention or imprisonment in the parish jail.