# CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

---

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1925

---

(106 So. 653)

No. 27580.

## STATE v. CARSON.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law** ⟜1202(1)—**Statute relating to second and subsequent offenses inapplicable, where prior offense was for possession for beverage purposes only.**

Act No. 39 of 1921, § 3, relating to second, and subsequent offenses, applies only where prior conviction was for manufacturing, selling, or possessing for sale intoxicating liquor, and not where prior conviction was for mere possession for beverage purposes.

**2. Criminal law** ⟜1184, 1188—**Supreme Court cannot reduce excessive sentence to maximum sentence, but must remand for proper sentence.**

Supreme Court cannot reduce an excessive sentence imposed by court under misconception of law to maximum legal sentence, but must remand for a proper sentence.

Appeal from City Court, City of Shreveport; David B. Samuel, Judge.

Hal C. Carson was convicted for violations of the state prohibition law, and he appeals. Judgment of conviction affirmed, but sentence set aside, and case remanded for sentence according to law.

Charles F. Crane, of Shreveport, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and L. C. Blanchard, Dist. Atty., and Aubrey M. Pyburn, Asst. Dist. Atty., both of Shreveport, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. Appellant was charged and tried in the city court of the city of Shreveport for both the transportation and the possession of intoxicating liquor for beverage purposes. The charge for possession of the liquor also contained an allegation of former conviction in the district court of Caddo parish. He was acquitted of the charge of transporting the liquor, but was found guilty of possessing it and of the former conviction; and was sentenced to pay a fine of $301 and

costs or 60 days' imprisonment, and to serve 90 days in prison.

Upon the trial of the case, counsel for the state offered in evidence a certified copy of the record of the district court of Caddo parish, showing the former charge, proceedings, and conviction of appellant for the possession of liquor for beverage purposes. This offer was objected to by counsel for appellant on the ground that the defendant in a criminal case had the constitutional right to be confronted with, and to cross-examine, the witnesses against him. The court overruled the objection and admitted the evidence. To this ruling, counsel for appellant reserved a bill of exception, which is in the record.

[1] It is unnecessary, however, for us to pass upon the contention of appellant, since the evidence admitted has no bearing on the issues involved in the present case. The provision of section 3 of Act 39 of 1921 relating to a second or subsequent offense applies only to those who violate the statute by manufacturing, by possessing for sale, or by selling, intoxicating liquor. It has no application to one who violates the law by merely possessing the intoxicating liquor for beverage purposes. State v. Hemler, 159 La. 222, 105 So. 297.

[2] The record, on its face, shows that the sentence imposed upon appellant is excessive. The maximum sentence that could have been imposed upon him was a fine of $500 and an imprisonment of 60 days. The sentence to imprisonment for 90 days was therefore beyond that authorized by the statute. Counsel for the state take the position that under the ruling in State v. Hemler, referred to supra, and under the decision in State v. Brannon, 34 La. Ann. 942, this court should affirm the judgment with an amendment reducing the sentence from 90 to 60 days' imprisonment.

Neither of the cited cases is authority for the proposition. In the Hemler Case the legal portion of the sentence relating to the imprisonment had been served, and an offer had been made, and refused, to satisfy that portion of the sentence in reference to the fine, when the application for relief was made by the relator. In these circumstances, the only decree which this court could render was to order the release of the relator upon the payment of the fines which had been imposed upon him. In the Brannon Case, the illegal portion of the sentence consisted in the condemnation of the defendant to 20 additional days labor on the public streets in default of the payment by her of the costs of the prosecution. It was this portion of the sentence which was vacated by the court. There was no reduction of, or amendment to, the original sentence of 60 days' labor on the public streets.

It is the duty of the judge before whom the trial in a criminal case is had to render judgment and to pronounce sentence. The sentence in the instant case was imposed by the trial judge under a misconception of the law regarding the punishment he was authorized to inflict. Non constat, if he had been fully advised of his powers, he would have imposed upon defendant the sentence which is now before us for review. This court does not know, and has no way of ascertaining, what sentence would have been imposed upon the defendant without the admission in evidence of his prior conviction for the possession of intoxicating liquor for beverage purposes.

For the reasons assigned, the judgment convicting the defendant is affirmed, but the sentence imposed upon him is set aside, and the case is remanded to the trial court in order that the defendant may be sentenced according to law.