HAWTHORNE, Justice (dissenting).
In the instant case the court has sustained a plea of prescription to the prosecution of the defendant, and dismissed the charges against him prior to his trial on the merits, and in doing so, in my opinion, has committed error. Under the past jurisprudence of this court it has been its policy to refuse to consider such a plea prior to trial of the case on the merits. A defendant in such a case has a remedy by appeal in the event of conviction. See Marr’s Crim.Jur., sec. 483, p. 739; State ex rel. Crozier v. Judge, 49 La.Ann. 1451, 22 So. 421; State ex rel. Marceaux v. Judge, 51 La.Ann. 197, 25 So. 104; State v. Conradi, 130 La. 701, 58 So. 515. The reason for the rule and policy of the court in refusing to pass upon a case of this nature in the past has been that the granting of such a writ necessitated the trial of criminal cases piecemeal, and a criminal prosecution would in effect be endless if a defendant could stop the proceedings against him at every stage of the trial at which a ruling is made against him, — on a plea of prescription, plea of unconstitutionality of a statute, motion to quash, etc. I see no reason for making an exception to the rule in this case.
It is true that we inadvertently granted a writ and rendered an opinion once before, see State v. Bradford, 217 La. 32, 45 So.2d 897, but the fact that we committed error in granting the writ at that time is no reason in my opinion for perpetuatiñg the error, *1095 and the writ in the instant case should not have been granted and should now be recalled and set aside. See State ex rel. Crozier v. Judge, supra; State ex rel. Marceaux v. Judge, supra.
For these reasons I respectfully dissent.