287 So.2d 798 (1973)
STATE of Louisiana
v.
Glenn Patrick HALL.
No. 53819.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
*799 Joseph Neves Marcal, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant was charged by bill of information with having committed aggravated burglary. La.Crim.Code art. 60. He was tried, convicted and sentenced to serve fifteen years at hard labor and to pay $28 court costs, or, in default of the payment of costs, to serve thirty days in the parish prison, the sentences to run consecutively "to any time the defendant may owe the State of Louisiana."
Conceding that he has not timely perfected any of the five bills of exceptions reserved during the trial, defense counsel urges that this Court should nevertheless consider the merits of these bills. In support of his position he asserts in a motion to this Court that prior to his employment, no less than three attorneys were separately employed by defendant's mother to represent him in these proceedings. For these reasons, counsel asserts that he mistakenly assumed that the bills of exceptions had been perfected by one of his predecessors. Consequently, he did not discover the omission until the time for perfecting the bills had expired.
Although these bills were reserved during the trial, La.Code Crim.Proc. art. 841, they were not perfected as required by Articles 844, 845 of the Code. Thus, they do not constitute formal bills of exceptions which may be reviewed on appeal. La. Code Crim.Proc. arts. 844, 920; State v. Flanagan, 254 La. 100, 222 So.2d 872 (1969).
We do note, however, as we are authorized to do, an error in the sentencing which is discoverable by a mere inspection of the minutes of the proceedings. La.Code Crim. Proc. art. 920(2). No credit is allowed for time served. "The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." La.Code Crim.Proc. art. 880.
For the reasons assigned, this case is remanded to the trial court for correction of sentence. La.Code Crim.Proc. art. 882; State v. Rutledge, 259 La. 544, 250 So.2d 734 (1971); State v. Johnson, 220 La. 64, 55 So.2d 782 (1951); State v. Carson, 160 La. 1, 106 So. 653 (1925).
BARHAM and CALOGERO, JJ., concur.