CRAIN, Judge.
The defendant, Edward Turner, was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967 A(l). He pled not guilty and, after trial by jury, was found guilty as charged. The trial court sentenced the defendant to eight years at hard labor. He has appealed, urging as his only assignment of error that the sentence imposed upon him by the trial court was excessive.
On October 18, 1989, in the Hoover Street area of Ponchatoula, Louisiana, the defendant sold an undercover police agent “rock” cocaine for $20.00. The defendant was identified by the police agent from a photograph and subsequently arrested on December 4, 1989.
EXCESSIVE SENTENCE
In his sole assignment of error, the defendant contends that the sentence imposed upon him was excessive.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Prior to sentencing, the defendant was given an opportunity to present any mitigating factors to the court. In imposing sentence, the trial court expressed that, because the defendant’s crime was a drug-related offense, it felt that failure to incarcerate the defendant would deprecate the seriousness of the crime. Considering the above, we find that the trial court adequately complied with article 894.1 guidelines.
We do not find the sentence in this case to be excessive. For his conviction of distribution of cocaine, the defendant was exposed to a minimum sentence of five years at hard labor and a maximum of *977 thirty years at hard labor; and in addition, the defendant was exposed to a fine of up to fifteen thousand dollars. LSA-R.S. 40:967 B(l). The defendant’s sentence of eight years at hard labor is in the lower range of possible sentences and does not appear to be grossly disproportionate to the offense committed. Furthermore, the record reflects that prior to trial the defendant refused a plea bargain of five years at hard labor with a recommendation for the IMPACT program. Under these circumstances, we find no abuse of discretion in the sentence imposed. Thus, we find this assignment of error to be without merit.
PATENT SENTENCING ERROR
Under the authority of La.C.Cr.P. art. 920(2), this Court routinely reviews appellate records for patent error. After reviewing the record, we have discovered a patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing this sentence, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973); State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to the execution of his sentence. See La.C.Cr.P. art. 882A. Re-sentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
CONVICTION AND SENTENCE AFFIRMED. REMANDED WITH ORDER TO CORRECT MINUTES OF SENTENCING.