STATE OF LOUISIANA *v.* JOHN NICHOLSON AND GEORGE WILSON.

In a criminal case, it is within the discretion of the District Judge to grant a continuance on the affidavit of the accused, of the absence of a material witness, who is a non-resident and not subject to the process of law, but the appellate court cannot interfere with the exercise of that discretion.

Where the offence charged in the indictment was in the words of the statute, uttering and giving in payment a forged and counterfeit bank note, *knowing the same to be forged and counterfeited,* and in the indictment the words, "*knowing the same to be forged and counterfeited,*" were omitted—*Held:* That the defect was not remedied by the charge in the indictment that the counterfeit bill was uttered and given in payment with an "intent to defraud."

The statute of 1855, requiring that *formal objections* to an indictment shall be taken before the jury are sworn and not afterwards, does not apply to matters of substance essential to the very existence of the offence, and on such objections as formerly, the judgment may be arrested.

By section 6th of the "Act to regulate the mode of procedure in criminal prosecutions," approved March 14th, 1855, the State is only relieved from the necessity of alleging and proving an intent to defraud some particular person, but is still required to allege an offence in other respects, corresponding with the statute which creates it.

When the sentence against the prisoner exceeds the maximum of imprisonment under the statute, the case will be remanded with instructions to the District Judge to pronounce judgment upon the verdict according to law.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J.
P. D. Hardy, District Attorney, for the State. *J. F. Morrogh,* for defendants and appellants.

VOORHIES, J. The defendant, *George Wilson,* was found guilty of uttering a forged and counterfeit bank check, and sentenced to imprisonment at hard labor.

He asks relief at our hands, on the ground that his application for a continuance in the court below was overruled.

The petition for a continuance states:

"That *George Bingham,* a resident of Vicksburg, State of Mississippi, *Eli Shepherd,* residing on Pearl River, Mississippi, and *H. Wheeler,* a resident of Covington, State of Kentucky, are material and important witnesses for him in his defence, and with all due diligence which he might use, it would be impossible for him to procure their attendance at this term of the court....That he hopes and expects to obtain the attendance of said witnesses at the next term of your honorable court, and that the affidavit is not made for delay, but in order that justice may be done in the premises. That *though the said witnesses do not reside within the jurisdiction of this court, and are not subject to its process, yet affiant has every reason to believe that said witnesses, who are his friends and are well acquainted with him, will repair instantly here to testify in his behalf, as soon as they are informed of his situation.*"

The prisoner is entitled to a continuance, when a material witness is absent; but it must appear that due diligence has been used to obtain his attendance, and that his presence will be procured by the next term of court. This rule is not without important qualifications, one of which is, that the absent testimony must be within the process of court. Wharton Am. Cr. Law, p. 595.

It is, however, within the discretion of the District Judge, according to the circumstances of the case, to grant relief to the prisoner; but this court could not interfere with the exercise of that discretion by the Judge of the inferior court.

99

If the latter did not attach much weight to the prisoner's statement that, although his witnesses were non-residents and not subject to process of law, he had every reason to believe that they would willingly appear on his behalf, we cannot interfere.

As these witnesses were not subject to the process of the court, it was useless to inquire whether, before finding of the indictment, it was the duty of the prisoner to use due diligence to procure their attendance.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed.

## On a Re-hearing.

*The State of Louisiana* v. *George Wilson*—same v. *John Nicholson and George Wilson*—same v. same.

MERRICK, C. J. Since the opinions were delivered and the decrees of the court were rendered in the above entitled cases, the defendant, *George Wilson*, has applied for a re-hearing, and the parties, by counsel, have consented that these cases be consolidated and considered together, inasmuch as judgment was so pronounced by the lower court, under section 40 of the Act of the Legislature, approved March 14, 1855. Acts of 1855, p. 135.

If the cases be so considered, they present other questions than those which we have decided.

It is, therefore ordered, that a re-hearing be granted said *George Wilson*, alone, in each of the above entitled cases.

And now, the parties consenting that judgment be immediately pronounced upon the re-hearing, we proceed to consider the questions presented by the appellant upon the records, as they now stand.

Record No. 557, has its defects supplied by the judgment in the other two cases, 558 and 559. The appeal in this case must be reinstated.

It is only necessary to consider one of the questions presented by the appellant, *Wilson*, in this case. His counsel objects that the indictment is defective, because it does not follow the statute and does not charge that the defendant uttered and gave in payment the forged and counterfeit bank note " *knowing the same to be forged and counterfeited.*"

Although the foregoing allegation is omitted, the indictment does charge that the counterfeit bill was uttered and given in payment with an " intent to defraud."

The question then arises, whether the latter expressions in the statute (which has been averred in the indictment,) does not really comprehend the first, viz, a knowledge of the forgery ? It appears to us that it does not, and that knowledge of the forgery, or that the bill, &c., is a counterfeit, is an essential ingredient in the offence, and according to the ordinary rules of criminal pleading, ought to be alleged. It is possible that a counterfeit bill might be passed with an intent to defraud, without a knowledge of its being such, as where the accused supposed it was really a bill upon an insolvent bank, at the time that he uttered the same.

We cannot, therefore, but suppose, that the Legislature, in using both expressions, considered that both a knowledge of the false nature of the counterfeit, and intent to defraud, were essential to constitute the offence.

The new statute to regulate the mode of procedure in criminal cases, (Acts

1855, p. 171,) does not preclude the defendant from urging this objection in this court.

The statute only requires that *formal objections to an indictment*, shall be taken before the jury are sworn, and not afterwards. It does not apply to matters of substance, essential to the very existence of the offence intended to be charged in the indictment. Such objections may be made as formerly, and the motion in arrest of judgment, was a proper mode of bringing the objection to the attention of the court. *State* v. *Delerno*, 11 An. 648.

But it may be supposed, that section 6 (p. 172) of the statute, relieves the State from alleging the *scienter* in the indictment. We are of the opinion, that the object of this section is to obviate the necessity of alleging and proving on the part of the State, an intent to defraud some particular person. The State is still required to allege an offence in the indictment, in other respects corresponding with the statute which creates it. The judgment of the court in case No. 557 of this court, and No. 961 of the lower court, must be arrested and the accused discharged from custody under the same.

The reversal of the judgment in cause 557, leaves only two other convictions at the same term against *George Wilson*, and the penalty of ten years imprisonment in the penitentiary cannot be inflicted. The *maximum* of imprisonment in each of the two remaining cases, cannot exceed three years, and these two cases must be remanded, with instructions to the District Judge, to pronounce judgment upon the verdicts therein rendered, according to law.

We adhere to the reasons given by us, why we cannot disturb the finding of the jury, on account of the motion for a continuance.

The following judgments will, therefore, be entered:

### The State of Louisiana v. George Wilson—No. 557.

In this case, it is ordered, adjudged and decreed, that the judgment heretofore pronounced by us, be set aside, and the cause reinstated; and it is now ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that judgment upon said verdict be arrested, and the accused, *George Wilson*, discharged from custody under said indictment.

### State of Louisiana v. John Nicholson and George Wilson—No 558.

In this case, it is ordered, adjudged and decreed by the court, that the judgment heretofore pronounced by us be set aside, as to the said *George Wilson* only; and we do now order, that the judgment of the lower court be avoided and reversed, as to said *Wilson*, but without disturbing the verdict of the jury. And it is further ordered, that this case be remanded to the lower court to be proceded in, and to pronounce judgment against said *George Wilson*, upon said verdict, according to law, and the views of this court herein expressed.

### State of Louisiana v. John Nicholson and George Wilson—No. 559.

It is, ordered, adjudged and decred by the court, that the judgment heretofore pronounced by us as to the said *George Wilson* be set aside; and we do now order, that the judgment of the lower court, so far as it effects the said *George Wilson*, be avoided and reversed, without disturbing the verdict of the jury. And it is further ordered, that this cause be remanded to the lower court to be proceed in, and to pronounce judgment upon the said *George Wilson*, according to law, and the views expressed by this court.