THOMPSON, J.
 

 The defendant appeals from á sentence to pay a fine of $100 and costs and to be imprisoned for a term of seven months, with an additional imprisonment of two months in default of paying the fine and costs. The state has moved to dismiss the appeal on the ground that this court has no appellate jurisdiction.
 

 The city court of Bogalusa was created by Act 14 of 1914, pursuant to authority conferred on the Legislature by article 96 of the Constitution of 1913, and said court was expressly authorized to try all criminal cases where the offense charged was not punishable by imprisonment at hard labor.
 

 The act creating said court, however, sought to make all appeals in criminal cases
 
 *563
 
 of which that court had jurisdiction returnable to the Supreme Court where an imprisonment exceeding three months was actually imposed. This attempt to confer an appellate jurisdiction on the Supreme Court in eases where the imprisonment actually imposed was less than six months was, of course, in conflict with the Constitution.
 

 The mistake was remedied by Act 112 of 1922, in which appeals in criminal cases from said court are made returnable to the district court, except in those cases which under the Constitution are made returnable to the Supreme Court.
 

 The prosecution of the defendant was had under Act 118 of 1S88, which denounces as a misdemeanor the slander and defamation, without probable cause, of a person of good repute. The penalty provided in the statute was a fine not exceeding $1,000, or imprisonment not exceeding two years, or both fine and imprisonment, at the discretion of the court.
 

 The Legislature, however, by Act 107 of 1902, known as the misdemeanor grading act, reduced the penalty for slander to a fine not exceeding $100, or an imprisonment not to exceed three months, or both; such fine and imprisonment to be at the discretion of the court.
 

 If the city court in passing sentence on the accused had been guided by the act of 1902, no greater term of imprisonment (as a part of the punishment for the Offense) than three months could have beén imposed. In that event it is quite- clear that this court would not have had jurisdiction to consider the appeal at all.
 

 Nor yet can we, in view of the constitutional limitations, consider the errors complained of in the court below as contained in the several bills of exception. All such matters are addressed to the appellate jurisdiction of another court.
 

 Since, however, the trial court has exceeded its jurisdictional authority and has imposed a sentence in excess of the maximum imprisonment authorized by- the statute, appellate jurisdiction to correct that error was thereby vested in this court, and this court alone, under section 10, art. 7, of the Constitution of 1921, which confers jurisdiction on this court on questions of law in all cases where the imprisonment
 
 actually
 
 imposed exceeds six months.
 

 Manifestly, that part of the sentence which orders the accused imprisoned for seven months was unwarranted, and is hence illegal and will have to be set aside.
 

 It is therefore ordered that the sentence be and it is annulled and set aside, and the case is remanded to the trial court to the end that the accused may be sentenced according to law.