(114 So. 588)

No. 28833.

## STATE v. BLAKENEY.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅589(2)—Refusal of continuance for illness of defendant's attorney, able to be present and try case, held not abuse of discretion.**

In prosecution for stabbing with dangerous weapon with intent to murder, refusal of continuance because defendant's attorney, then in court, had chronic malaria and temperature of 100 degrees, causing his physician to think it unwise for him to perform professional duties, *held* not abuse of trial court's discretion, in view of fact that attorney was able to participate in trial.

**2. Criminal law ⬅1188, 1208(9)—Penitentiary sentence at hard labor for not less than 18 months nor over 2 years for cutting with intent to kill is illegal, and requires case to be remanded for legal sentence (Act No. 222 of 1926).**

Under Act No. 222 of 1926, requiring in all sentences to imprisonment in penitentiary or at hard labor, except in certain cases, imposition of indeterminate sentence, minimum of which shall not be less than minimum fixed by statute under which person sentenced was convicted, nor more than two-thirds of maximum sentence imposed, which must not be longer than maximum term of imprisonment fixed in statute, penitentiary sentence at hard labor for not less than 18 months nor more than 2 years on conviction for cutting with dangerous weapon with intent to kill is illegal, and requires case to be remanded for trial judge to impose legal sentence.

**3. Criminal law ⬅1184—Supreme Court has no duty to correct erroneous sentence by reducing minimum sentence (Act No. 222 of 1926).**

Penitentiary sentence at hard labor for not less than 18 months nor more than 2 years on conviction for cutting with dangerous weapon with intent to kill being erroneous under Act No. 222 of 1926, because thereunder minimum sentence should have been 16 months or less, Supreme Court has no duty to correct such error.

**4. Criminal law ⬅1208(9)—District judge should impose legal sentence and determine whether minimum sentence shall be exactly two-thirds of maximum, or, if less, how much less (Act No. 222 of 1926).**

Under Act No. 222 of 1926, it is duty of district judge to impose sentence for crime according to law and to determine whether minimum sentence shall be exactly two-thirds of maximum, or less than two-thirds, and, if less, how much less.

**5. Criminal law ⬅991(2)—Invalidity of sentence because minimum imprisonment imposed was illegal held not to affect validity of verdict of guilty (Act No. 222 of 1926).**

Under Act No. 222 of 1926, penitentiary sentence at hard labor for not less than 18 months nor more than 2 years on conviction for cutting with dangerous weapon with intent to kill being erroneous, because minimum sentence should have been 16 months or less, invalidity of sentence even though it calls for reversal on appeal and remanding case for proper sentence does not affect validity of verdict.

Appeal from Fourth Judicial District Court Parish of Ouachita; Percy Sandel, Judge.

Homer Blakeney was convicted of cutting with a dangerous weapon with intent to kill, and he appeals. Verdict affirmed, and case remanded for imposition of proper sentence.

Zach T. Heard, of Monroe, for appellant.

Percy Saint, Atty. Gen., David I. Garrett, Dist. Atty., and J. B. Thornhill, Asst. Dist. Atty., both of Monroe (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J. The appellant was indicted and tried for the crime of stabbing with a dangerous weapon with intent to murder, and was found guilty of the crime of cutting with a dangerous weapon with intent to kill. He was sentenced to imprisonment

at hard labor in the penitentiary for a term not less than 18 months nor more than 2 years.

[1] The record contains two bills of exception; one taken to the refusal of the judge to grant a continuance because of the illness of the defendant's attorney, and the other taken to the overruling of a motion for a new trial, on the same complaint. It appears that the trial was postponed from one day to the next, on account of the attorney's illness, and, when the case was again called for trial, he again moved for a continuance, and in support of the motion produced a laboratory certificate and a doctor's certificate showing that he (the attorney, who was then in court) had chronic malaria and a temperature of 100 degrees, and that the doctor thought it unwise for the attorney to perform his professional duties that day. Notwithstanding that showing, the district judge, who had a better knowledge of the facts than we have, decided that the attorney was physically and mentally able to try the case properly; and we cannot say with any degree of certainty that the judge abused his discretion. We have no doubt that the attorney, who is a very honorable member of the bar, was sincere in his belief that he was not physically able to do his best at the trial; but the judge, in his statement per curiam, says that the attorney tried the case with the same marked ability that characterized his trial of other cases. Considering the wide margin of discretion which the trial judge is invested with in the matter of granting continuances on such grounds, we are constrained to sustain his ruling in this case. The verdict therefore must be affirmed.

[2-5] The sentence, however, is illegal, because it is not in accord with the mandatory provisions of the Act of 222 of 1926, p. 358. The statute declares that in all sentences to imprisonment in the penitentiary or at hard labor, except in certain specified cases of which this is not one, the judge shall impose an indeterminate sentence, the minimum term of which shall be not less that the minimum fixed by the statute under which the person sentenced was convicted, nor more than two-thirds of the maximum sentence imposed, and that the maximum sentence shall be not longer than the maximum term of imprisonment fixed in the statute. The minimum term of 18 months imposed in this case is more than two-thirds of the maximum term of 24 months. It is not our province to correct the error by reducing the minimum sentence to 16 months, or less. It is the duty of the district judge to impose the sentence according to law, and to determine whether the minimum sentence shall be exactly two-thirds of the maximum, or less than two-thirds of the maximum, and, if less, how much less. The sentence being illegal, the case is in the same condition as if no sentence at all had been imposed, and it must be remanded for the judge to impose a legal sentence. The invalidity of the sentence, of course, does not affect the validity of the verdict.

The verdict is affirmed and the case is ordered remanded to the district court for the judge to impose a sentence according to the Act 222 of 1926.