(115 So. 187)

No. 28933.

## STATE ex rel. CUTRER v. PITCHER, General Manager of State Penitentiary.

### In re CUTRER.

### Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬦1208(9)—**Sentence to imprisonment for not less than 10 nor more than 12 years for manslaughter held illegal (Act No. 222 of 1926).**

In prosecution for manslaughter, sentence to imprisonment for not less than 10 nor more than 12 years *held* illegal, under Act No. 222 of 1926, requiring that, in imposing indeterminate sentence, minimum term shall not exceed two-thirds of maximum term.

2. **Habeas corpus** ⬦109—**In habeas corpus proceeding by defendant, serving illegal indeterminate sentence for manslaughter, relator will be returned to sheriff for proper sentence.**

Invalidity of indeterminate sentence for manslaughter, in that minimum term of imprisonment exceeded two-thirds of maximum, does not make conviction invalid, so that defendant, instituting habeas corpus proceeding after serving part of term, will be returned to sheriff for proper sentence.

3. **Criminal law** ⬦996(2)—**Judge, imposing void sentence by mistake in manslaughter prosecution, does not lose authority to impose valid sentence by partial execution of void sentence.**

Judge, who made mistake of imposing sentence, void under statute, in prosecution for manslaughter, does not lose authority to impose valid sentence, because void sentence has been partially executed; Rev. St. § 1070 (Act No. 129 of 1868, § 1), being inapplicable.

4. **Criminal law** ⬦1023(11)—**In manslaughter case, defendant, who pleaded guilty, may appeal from illegal indeterminate sentence (Act No. 222 of 1926).**

In prosecution for manslaughter, defendant *held* to have right of appeal from illegal indeterminate sentence, in which minimum term of imprisonment exceeded two-thirds of maximum term, in violation of Act No. 222 of 1926, notwithstanding he had entered plea of guilty.

Habeas corpus by the State, on the relation of Ike Cutrer, against Harry C. Pitcher, General Manager of the State Penitentiary. The district court recalled the writ and dismissed the suit, and relator applies for writs of certiorari and mandamus. Respondent ordered to deliver relator to the sheriff of the parish of West Feliciana, to be sentenced according to law on his conviction for manslaughter.

G. Wray Gill, William C. Orchard, and Sam Schwing Kiblinger, all of New Orleans, for relator.

Percy Saint, Atty. Gen., and E. R. Schowalter, Asst. Atty. Gen., for respondent.

O'NIELL, C. J. Ike Cutrer was indicted for murder, in the Twentieth district court, in West Feliciana parish, and entered a plea of guilty of manslaughter, which was accepted, and he was sentenced to imprisonment in the state penitentiary for a term not less than 10 or more than 12 years. He was sent immediately to the state penitentiary and began serving the sentence. That was in April, this year. In September, having served more than 5 months of his term,

he brought habeas corpus proceedings in the district court in East Baton Rouge parish, against the general manager of the state penitentiary, contending that the indeterminate sentence which had been imposed was illegal, because the minimum term exceeded two-thirds of the maximum, and was therefore violative of Act 222 of 1926, p. 358. Hence he prayed to be released from custody. After hearing the case the district court recalled the writ of habeas corpus and dismissed the suit. The case is before us on writs of certiorari and mandamus.

[1] The sentence imposed upon the relator was illegal, because Act 222 of 1926 requires that, in imposing an indeterminate sentence, the judge shall make the minimum term of imprisonment not more than two-thirds of the maximum. The purpose of the statute is to fix the time at which a convict shall become eligible for parole.

In State v. Blakeney (No. 28833) ante, p. 669, 114 So. 588, the minimum term of the indeterminate sentence exceeded two-thirds of the maximum term imposed, and for that reason we declared the sentence illegal and remanded the case to the district court for the judge to impose a sentence according to the provisions of Act 222 of 1926. In remanding the case we said:

"The minimum term of 18 months imposed in this case is more than two-thirds of the maximum term of 24 months. It is not our province to correct the error by reducing the minimum sentence to 16 months, or less. It is the duty of the district judge to impose the sentence according to law, and to determine whether the minimum sentence shall be exactly two-thirds of the maximum, or less than two-thirds of the maximum, and, if less, how much less. The sentence being illegal, the case is in the same condition as if no sentence at all had been imposed, and it must be remanded for the judge to impose a legal sentence. The invalidity of the sentence, of course, does not affect the validity of the verdict."

[2] By the same token the invalidity of the sentence in this case should not make the conviction invalid. All that needs correcting is the sentence. It is argued that the district court in which the relator was convicted has lost jurisdiction over the case and that, as no other court has authority to sentence the relator, he must be released from custody. His counsel cite four decisions by other courts in support of the proposition that when a sentence has been partly executed the court that imposed it has no authority to change or amend it, viz.: United States v. Howe, Judge (C. C. A.) 280 F. 819, 23 A. L. R. 531; Stewart v. United States (C. C. A.) 300 F. 776; Emerson v. Boyles, 170 Ark. 621, 280 S. W. 1008, 44 A. L. R. 1193, and In re Jones, 35 Neb. 499, 53 N. W. 468. The reason why, in each of those cases, a partial execution of the sentence deprived the judge who had imposed it of the authority to change it, was that the sentence was valid. In United States v. Howe, Judge, he undertook to reduce the sentence from 6 years' imprisonment to 3 years' imprisonment, after the case had been appealed to the circuit court, and the verdict and sentence had been affirmed, and the mandate of the Circuit Court had been sent down to Judge Howe's court for execution. When the judge thereafter entered an order reducing the term of imprisonment from 6 to 3 years, the United States attorney proceeded by mandamus in the Circuit Court and compelled Judge Howe to obey the mandate of the Circuit Court. The sentence to imprisonment was a valid sentence, and there was no contention that it was not valid. The decision is authority for the proposition only that, when a verdict and sentence have been appealed from and are affirmed by the appellate court, the judge who imposed the sentence, having lost jurisdiction over the case, has no authority to change the sentence, but must order it executed in obedience of the mandate of the appellate court. In Stewart v. United States, the decision turned upon

the fact that the sentence on one count in the indictment was a valid sentence. The court said:

"If a sentence for same term was imposed, * * * and was lawfully imposed on any one count, it must be affirmed."

The decision is not at all appropriate to this case. In Emerson v. Boyles, the ruling, by the Supreme Court of Arkansas, was that a statute (Acts 1923, p. 40), authorizing judges in certain cases to suspend sentences, did not allow the judge to suspend a sentence after the convict was incarcerated in the penitentiary under a valid sentence. In the Nebraska case, In re Jones, the defendant, Jones, claiming to be under the age of 18 years, pleaded guilty of the crime of burglary, and was sent to the state industrial school as a juvenile. After he had served a part of his term in the industrial school, it was discovered that he was over the age of 18 years when he committed the crime. The judge therefore vacated the sentence of confinement in the industrial school and sentenced Jones to imprisonment for four years in the penitentiary. The Supreme Court of Nebraska released him on a writ of habeas corpus, on the ground that the question as to how old the accused was when he committed the crime was a question of fact, over which the trial court alone had jurisdiction, and that when the court had decided that question in favor of the accused the decision was final, notwithstanding it was erroneous. The court said:

"Although the petitioner was over the age of 18 years, the first sentence was not for that reason void; it was merely erroneous. * * * The first sentence being legal, we would remand the petitioner to the state industrial school, were it not for the fact that he is now over the age of 21 years, and his sentence has therefore expired. It follows that the petitioner must be discharged."

Judgment accordingly.

[3] There is no authority that we know of for the proposition that, when a sentence which is void, as being in violation of a statute, has been partially executed, the judge who made the mistake of imposing the void sentence has lost his authority to impose a valid sentence. There is a statute (Act 129 of 1868, p. 171 [section 1070, Rev. Stat.]) which forbids judges to remit any part of a sentence or otherwise to alter or amend a sentence which he has imposed "by virtue of any law of the state." Section 1. It goes without saying that that statute has no application to a sentence which has been imposed in violation of a law of the state, by mistake, and which is therefore void. It was so held in State v. Brannon, 34 La. Ann. 942, and the ruling was cited with approval in State v. Woods, 154 La. 631, 98 So. 47.

[4] The relator in this case had the right to appeal from the illegal sentence, notwithstanding he had entered a plea of guilty of the crime of manslaughter, and, if he had appealed, we would have set aside the sentence and remanded the case, as we did in State v. Blakeney, for the judge to sentence the defendant according to the provisions of Act 222 of 1926; but there is no principle on which we could maintain that, by serving a few months of the void sentence, instead of appealing from it, the prisoner obtained immunity from being sentenced according to law.

Our conclusion is that the relator is entitled to be released from his imprisonment in the penitentiary under the illegal sentence, but that he is yet subject to imprisonment under a valid sentence by the Twentieth district court in and for the parish of West Feliciana.

It is ordered that the respondent, general manager of the state penitentiary, deliver the prisoner, Ike Cutrer, to the sheriff of the parish of West Feliciana, to be brought before the Twentieth district court for that parish, and sentenced according to law on his conviction for the crime of manslaughter.