McCALEB, Justice.
 

 On May 7, 1946, R. L. Cox pleaded guilty in the Second Judicial District Court for the Parish of Claiborne to an information charging him with keeping intoxicating liquors for sale and was sentenced to a term of three months in the parish jail, which he began to serve on June 7. On June 15, he was released from jail to spend the week-end at home in accordance with a custom prevailing in Claiborne Parish by which prisoners working on public roads during the week are allowed to spend Saturday afternoon and Sunday a't their homes and return to the jail on Monday morning. On the same day that he was released, Cox suffered a severe attack of hemorrhoids and his physician advised that an immediate operation was necessary. On the following day (June 16) the physician, Dr. E. A. Campbell, telephoned John N. Brown, sheriff of Claiborne Parish, and obtained permission to take Cox to a hospital in Minden, Louisiana where the operation was performed. Cox remained in the hospital from June 16 until June 22,
 
 when
 
 he was allowed to return to his home in Homer, Louisiana where he was confined for treatment until July 17. On that day, he was brought back to the hospital in Min-den for the purpose of dilation, which re
 
 *238
 
 ■quired the administration of an anesthetic. <On this occasion, he remained in the hospital until July 20, when he returned again :to his home where he was confined under ¡treatment of Dr. Campbell for a period of •over thirty days.
 

 Meanwhile, on July 17, Cox applied to •the court for a suspension of his sentence. 'The application was granted but the suspension of the sentence was limited by the ■court to a period of 40 days.
 

 Long after the 40 days had passed and subsequent to Cox’s convalescence at home from the operations, the sheriff of Claiborne Parish notified him that he would be compelled to return to jail to serve the remainder of his sentence. Cox objected to .this on the ground that he had completed the sentence and, on November 8, 1946, he filed a petition in the Second Judicial District Court in which he sought to restrain the sheriff from requiring him to return to the parish jail. Upon the allegations made in this petition, the judge issued a temporary restraining order directed to the sheriff and ordered him to show cause why the relief prayed for by Cox should not be granted.
 

 After a hearing on the rule to show cause, the judge found that Cox should be given 11 additional days (the time he was in the hospital) credit as time served, but he refused' to allow any credit whatever for the days Cox spent at home, under treatment, after he returned from the hospital. The rule was accordingly dismissed.
 

 Upon application to this Court, a writ of certiorari was granted and the matter has been submitted for decision.
 

 In the brief of counsel for Cox, it is contended that a writ of injunction should have been granted by the District Judge for the reason that he has completed his sentence. Counsel computes the days for which his client is entitled to credit for time served as follows: 10 days in jail; 11 days granted by the District Court for time spent in the hospital; 40 days taken off of his sentence by order of the District Judge on July 17, 1946, and 30 more days during which he was undergoing treatment at his home, making a total of 91 days. On the other hand, the District Attorney and the Judge (in his return) maintain that, whereas, Cox is entitled to the 10 days served plus the 11 days during which he was confined to the hospital and the 40 days of his sentence which was suspended (a total of 61 days), he is not entitled to be credited with the additional 30 days during which he was confined to his home under treatment of his physician. The case of State v. Brouillette, 163 La. 46, 111 So. 491 is cited in support of this contention.
 

 Although we doubt the applicability of the Brouillette case to the facts appearing herein, we find it unnecessary to decide the point as there is other error patent on the face of the record which makes it imperative that we grant Cox the relief prayed for.
 

 
 *240
 
 It appears from the minutes of the court, which have been sent up as part of the record, that, on July 17, 1946, Cox applied for a suspended sentence. After hearing on this application, the court entered the following order: “The defendant being in open Court in his own proper person aided and assisted by counsel, Seals & Atkins, having served 10 days of the sentence heretofore imposed,
 
 forty days of said ninety day sentence is nozv suspended upon the good behamor of
 
 defendant(Italics ours.)
 

 The foregoing order would be illegal, if it should be viewed as a reduction of 40. days in the sentence of Cox. This is so because Article 526 of the Code of Criminal Procedure does not permit a sentence to be changed after the prisoner has begun serving it. That Article reads : “Although the sentence imposed be in every respect legal, it is within the power of the judge to amend or change the same, within the limits of his discretion, up to the beginning of the execution of the sentence.”
 

 But, while the judge was without power to reduce the sentence, he had the perfect right to suspend it, under Article 536 of the Code of Criminal Procedure, as amended by Act No. 48 of 1942, even though the prisoner had begun to serve the sentence. Actually, the judge suspended the sentence — but, in the same order, he attempted to effect an illegal reduction by limiting the period of the suspension to 40 days.
 

 Under Article 536 of the Code of Criminal Procedure the only condition which the judge may, in suspending a sentence, impose upon a prisoner is “good behavior”— that is, that the suspended sentence is conditioned upon the prisoner not being convicted of any other crime during the period of the suspension.
 

 The judge did not have the right to limit the suspension of the sentence to any fixed time, as Article 536 authorizes only the suspension of the entire sentence or the remaining part which has not been served by the prisoner. Therefore, while the portion of the order suspending the sentence is in keeping with the provisions of law, that part of the order, by which the judge attempts to limit the suspension to a period of 40 days, is utterly void.
 

 Since we sustain the order suspending the sentence with the deletion therefrom of the illegal 40 day limitation, Cox is entitled to the relief denied him by the court below.
 

 For the reasons assigned, it is ordered that the writ heretofore issued be made peremptory and that John N. Brown, Sheriff of Claiborne Parish, and all those acting under his authority be enjoined from taking R. L. Cox into custody or confining him in jail to serve the sentence in the case of State of Louisiana v. R. L. Cox, No. 3183 of the criminal docket of the Second District Court for the Parish of Claiborne, Louisiana.
 

 O’NIELL, C. J., concurs in the result.
 

 HAMITER and HAWTHORNE, JJ., concur in the decree.