HAWTHORNE, Justice
 

 (dissenting).
 

 Defendant, Carlton Laborde, charged with the attempted theft of 11 hogs valued at the sum of $75, after trial was adjudged guilty and sentenced by the lower court “to pay a fine of $200.00 and costs and to serve one year in the Parish Jail, nine (9) months of jail sentence being suspended upon the payment of fine and costs”. From this conviction and sentence he appealed to this court.
 

 In this court the State has filed a motion to dismiss the appeal on the ground that the Supreme Court is without appellate jurisdiction under the provision of Article 7, Section 10, of the Louisiana Constitution of 1921.
 

 Article 7, Section 10, of the Constitution, insofar as it may be applicable here, reads as follows: “The appellate jurisdiction of the Supreme Count shall also extend to criminal cases on questions of law alone, * * * where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
 

 As I interpret the sentence of the lower court, a sentence exceeding six months’ imprisonment within the meaning of the Constitution has not been actually imposed, and therefore this court is without appellate jurisdiction, and the motion to dismiss filed by the State should be sustained. In my opinion the sentence “to pay a fine of $200.00 and costs and to serve one year in the Parish Jail, nine (9) months of jail sentence being suspended upon the payment of fine and costs” is susceptible of only one meaning, and that is: To pay a fine of $200.00 and to serve three months in jail, and in default of payment of fine and costs to serve nine additional months in jail. That portion of the sentence suspending nine months of the jail sentence imposed, upon the payment of the fine and costs, no matter 'how inartistically drawn, was intended only to compel the accused to pay ■his fine, and was in actual effect nothing more than a sentence “in default” under Revised Statutes, Section 980: Dart’s La. Code of Crim. Law and Proc. § 682. That section reads:
 

 “Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.”
 

 Where a jail sentence is imposed in default of the payment of a fine, payment of the fine nullifies the jail sentence, and in my opinion, if the appellant pays his fine
 
 *661
 
 in the instant case, the jail sentence of nine months will be nullified. The sentence actually imposed, therefore, was merely a fine of $200 and costs and a jail term of ■three months, neither of which is sufficient to confer appellate jurisdiction upon this court. The additional sentence of nine months, conditionally and anticipatorily pronounced, cannot be said to have been imposed as a penalty for the commission of ■the crime; hence it cannot be considered in determining the appellate jurisdiction of this court. State v. Peralta, 115 La. 530, 39 So. 550; State v. Hamilton, 128 La 91, 54 So. 482; State v. Mitchell, 137 La. 1098, 69 So. 851; State v. Abraham, 139 La. 466, 71 So. 769; State v. Authement, 139 La. 1070, 72 So. 739; State v. Desimone, 143 La. 505, 78 So. 751; State v. Roy, 152 La. 933, 94 So. 703.
 

 If, on the other hand, my interpretation of the sentence is erroneous, and the majority opinion is correct that the suspension of nine months of the prison sentence upon payment of the fine and costs is properly a suspension of sentence as contemplated by Act No. 48 of 1942, Dart’-s Code of Crim. Law and Proc. art. 536, the sentence, in my opinion, is illegal and unauthorized by law in two respects:
 

 1. At the time of the imposition of the sentence, a part of it was suspended, and
 

 2. The suspension was made dependent upon an unlawful condition precedent.
 

 This court has expressly recognized that Article 536 of the-Code of Criminal Procedure, which deals with the suspension of sentences in misdemeanor cases, “ * * * ■authorizes only the suspension of the entire ■sentence or the remaining part which has not been served by the prisoner”, and that the action of a judge suspending less than that part of the prison sentence not served is void. Cox v. Brown, 211 La. 235, 29 So. 2d 776, 778.
 

 Under the majority’s interpretation of the sentence, the suspension of nine months of the jail sentence imposed is subject to two conditions, a condition precedent and a condition subsequent, as disclosed by the plain language which we quote therefrom: “ * * * if appellant [Carlton Laborde] served three months of the one year sentence and paid his fine, the balance of the sentence would not be voided. True, he would be released from jail but, if he ■should be convicted of a violation of the law during the nine month period of the suspension, such suspension would be automatically revoked under Article 536 of the Code of Criminal Procedure and it would then become the duty of the court, under the provisions of Article 538, to cause his arrest and cumulate the punishment of the first conviction with the punishment of the subsequent conviction.” To fulfill the condition precedent, the defendant must pay a fine of $200 and costs.' To fulfill the condition subsequent, he must comply, during the nine months, with the provisions of Article 536 of the Code of Criminal Procedure relative to “good behavior”.
 

 
 *663
 
 I know of no law that authorizes a judge to make the suspension of a prison sentence subject to a condition precedent that the accused pay his fine and costs, nor is any cited in the majority opinion. In the absence of any statute or authority permitting such condition, in my opinion it was an illegal one. The only condition that the law contemplates as attaching to the suspension of a prison sentence is the condition of “good behavior” under Arlicle 536 of the Code of Criminal Procedure.
 

 In my opinion, a sentence should be interpreted .to giv-e it a legal effect rather than an illegal one, if it -is at all susceptible of such an interpretation. For this reason also, I consider my interpretation of the sentence preferable to the interpretation of the majority of the court.
 

 Since the sentence is an illegal one under its interpretation by the majority of this court, the case is in -the same condition as if no sentence at all had been imposed, and the proper disposition of the case under the majority’s interpretation would be to remand the case to the lower court for the imposition of a legal, valid sentence. State v. Blakeney, 164 La. 669, 114 So. 588; State ex rel. Cutrer v. Pitcher, 164 La. 1051, 115 So. 187. It would be the better procedure to withhold the consideration of the motion to dismiss the appeal, based on lack of jurisdiction, until the proper and legal sentence is before this court, because the appellate jurisdiction of this court is determined in this case by the sentence actually imposed, defendant being charged with a misdemeanor, attempted theft under Article 27 of the Criminal Code.
 

 Being of the opinion that this court is without appellate jurisdiction, I express no view on the ruling of the majority on the merits of the case.
 

 I respectfully dissent.