55 So.2d 782

STATE v. JOHNSON.
No. 40353.

Nov. 5, 1951.

Rehearing Denied Dec. 10, 1951.

Gravel & Downs, Alexandria, for relators.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ben F. Thompson, Dist. Atty., Geo. M. Foote, Asst. Dist. Atty., Alexandria, for respondent.

HAWTHORNE, Justice.

The defendant in this case, as well as defendants in six other cases, was charged in the Ninth Judicial District Court for the Parish of Rapides with the offense of false or illegal registration, etc., denounced by LSA–R.S. 18:222. In each of these cases immediately after the verdict and the imposition of sentence the defendants applied for, and were granted, writs by this court solely for the purpose of reviewing the legality of the sentences actually imposed. The defendant in the instant case was given the following sentence: "I sentence you, Jesse Johnson, to serve six months in Parish Jail, subject to work, and suspend all of same except three months thereof, upon good behavior."

■ Article 536 of the Code of Criminal Procedure, LSA–R.S. 15:536, provides insofar as pertinent: "Whenever any person has been found guilty of a misdemeanor in any court, the judge may sentence the defendant but suspend such sentence and release the offender during his good behavior; provided further, that the judge may suspend the sentence in the manner set forth in this article although the prisoner has been incarcerated and actually begun to serve the sentence imposed. * * *"

Under the provisions of this article, after a defendant has been adjudged guilty the judge may do two things: (1) He may sentence the defendant to serve a time in prison and suspend the sentence thus imposed during good behavior, or (2) after the prisoner has been incarcerated under the sentence imposed and actually begun to serve the sentence the judge may suspend the balance of the sentence not served during good behavior. The statute does not permit or authorize the judge at the time the sentence is actually imposed to impose a sentence for a fixed term and at the same time suspend a portion thereof. As pointed out by this court in Cox v. Brown, 211 La. 235, 29 So.2d 776, 778, "The judge did not have the right to limit the suspension of the sentence to any fixed time, as Article 536 authorizes only the suspension of the entire sentence or the remaining part which has not been served by the prisoner. * * *"

■ In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence. State v. Nicholson, 14 La.Ann. 785; State v. Williams, 114 La. 940, 38 So. 686; State v. Stein, 157 La. 562, 102 So. 670; State v. Carson, 160 La. 1, 106 So. 653; State v. Blakeney, 164 La. 669, 114 So. 588; State ex rel. Cutrer v. Pitcher, 164 La. 1051, 115 So. 187; State ex rel. Pierre v. Jones, 200 La. 808, 9 So.2d 42; State v. Broussard,

202 La. 458, 12 So.2d 218; State v. Gros, 205 La. 935, 18 So.2d 507; State v. Baggott, 212 La. 795, 33 So.2d 523.

■ Relator contends in brief that "A sentence which has been imposed and suspended with an order of limitation of such suspension is a legal sentence, and that portion of the order attempting to limit the suspension is null and void and treated as if it had not been contained in the order of sentence." In other words, relator contends that we should simply strike out that portion of the sentence that makes it illegal, thus making the sentence a legal one, and he would therefore be entitled to a suspension of the entire sentence. As authority he relies on the case of Cox v. Brown, supra. We cannot agree with relator's contention that this court should delete a portion of the sentence to make the sentence imposed a legal one, and, further, we do not think that the case relied upon is authority for the proposition advanced. In the Cox case the sentence imposed was a legal one, and in this court we had for review only a subsequent order, issued after the prisoner had actually begun serving the sentence, which suspended a portion of the sentence remaining to be served.

■ Our review of the jurisprudence shows that it has been the custom and practice of this court in cases in which it has been found that an illegal sentence has been imposed to remand the case to the district court for the imposing of a legal sentence. See State v. Nicholson, 14 La.Ann. 785, and other cases cited supra. This is a proper procedure, for the reason that this court has appellate jurisdiction in criminal cases only on questions of law, and not of fact, and, since the trial judge heard all of the facts adduced at the trial which led to the conviction of the defendant, and with which this court is unfamiliar, he is in a better position to know the proper sentence to impose. In all of these cases in which writs were granted we are considering only the legality of the sentence imposed, and the invalidity of any such sentence, of course, does not affect the validity of the verdict.

For the reasons assigned, the sentence imposed upon relator is annulled and set aside, and the case is remanded to the district court in order that the relator may be sentenced according to law.