290 So.2d 832 (1974)
STATE of Louisiana ex rel. Robert Paul HEBERT, Relator,
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent.
No. 53824.
Supreme Court of Louisiana.
February 18, 1974.
*833 Guy A. Modica, Baton Rouge, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Charles R. Cassidy, Asst. Dist. Atty., for defendant-respondent.
TATE, Justice.
We granted certiorari, 282 So.2d 522 (1973), on the contention and showing made, on the basis of the minutes attached, that possibly a re-sentencing of the relator on burglary charges constituted double jeopardy. However, on the basis of the verbatim transcript of what actually took place at the time of the sentencing and of "re-sentencing", we find no such issue present.
Based on what the minutes seem to reflect, the contention is made in this context:
In 1970, the relator-defendant was charged with a burglary and a theft arising out of his conduct in committing an unauthorized entry into the Oustalet Ford premises and stealing over two thousand dollars therefrom. The burglary charge bore Criminal Docket No. 893-70, and the theft charge Criminal Docket No. 892-70. He pleaded guilty to both these charges. On October 8, 1970, he was sentenced, according to the minutes, to serve nine years in the penitentiary "in No. CR. 892 70" (i. e., the number of the theft charge) and then, to ten years in the penitentiary "in No. CR. 893 70" (i. e., the burglary charge).
The maximum sentence for the grade of theft charged is ten years, La.R. S. 14:67, and the maximum for the simple burglary charged is nine years, La.R.S. 14:62. Thus, on the face of the minutes, the defendant's sentence of ten years on the burglary charge was illegal, as exceeding the maximum of nine years provided by the penal statute.[1] Also, on the face of the minutes, the defendant was first sentenced on the theft charge and received a valid sentence as to it, so (according to the defendant's argument) jeopardy immediately attached[2] and prevented the subsequent imposition of another sentence on the burglary charge arising out of the identical conduct.
In 1972, based upon these minutes, the relator filed post-conviction proceedings in the district court of the parish where sentenced. He alleged the illegality of the burglary sentence and further alleged double jeopardy, in that he could not be convicted of both theft and burglary arising out of the same act and conduct, provable by the same evidence, and all part of a continuous offense.
The minutes of December 14, 1972 of the hearing on the post-conviction petition state that: "At this time the District Attorney moved to correct the sentence [as will be seen, the minute clerk omitted a reference here] and then moved to set aside the sentence in No. CR. 892 70 [i. e., the theft] and dismiss the charge. Counsel for the defendant moved to have the defendant's *834 plea withdrawn. The State opposed the Motion. The matter was argued. For oral reasons assigned the Court denied the Motion. The Court at this time accepts the Nolle Prosse in No. CR. 892 70 [the theft], and the same is set aside. In No. CR. 893 70 [the burglary] the Court sentences the said Robert Paul Hebert to the Department of Corrections for a period of nine years."
Based on these minutes, as well as on those of 1970, the defendant then applied to this court for certiorari. The primary thrust of his complaint was, since he had first received a valid sentence on the theft charge, the subsequent sentence on the burglary charge should be annulled as constituting double jeopardy. He also suggests he should have been permitted to withdraw his plea of guilty to the burglary charge.
We expressly pretermit consideration of whether there might be substance in the relator's contention if the minutes reflected what actually occurred. The verbatim transcript of the colloquy at the time of sentencing and of resentencing shows the minutes to be misleading and that they do not represent the actual trial court rulings.
In the first place, at the time of the original sentencing of October 8, 1970, the trial court's actual sentence was as follows: "* * * on CR-892-70, the charge of simple burglary, the Court will sentence you to serve nine years at hard labor. And on CR-893-70, the charge of theft, the Court will sentence you to serve ten years at hard labor." Tr. 15. In other words, although the trial judge inadvertently used the wrong docket numbers, he sentenced the defendant, first, on the burglary charge to the maximum nine years and, next, on the theft charge to the maximum ten years.[3]
The post-conviction hearing was held on December 14, 1972. The verbatim transcript reflects that the error in the original 1970 minutes was noted by the court. The district attorney then moved "to correct the sentence given at the time". Tr. 31. Pointing out that "the first arraignment was on the simple burglary charge," Tr. 31, the district attorney moved that the sentence on this charge, No. CR. 893-70, be corrected to reflect the actual statutory maximum of nine years. Tr. 32. The court granted this motion and corrected the sentence to nine years, in accord with "the intent of the original sentence that was imposed on the man."[4] Tr. 34.
Accepting the minute entry as correct for the moment, the ten-year sentence on the burglary charge was illegal as in excess of the statutory maximum, and it thus could be corrected at any time. La. C.Cr.P. art. 882. However, the actual sentence given on the burglary charge was nine years, or a legal sentence, and the effect of the trial court ruling at the postconviction hearing was no more than to correct the minutes so as to show what actually had occurred at the time of the original sentencing.
The trial court may always, at least in a contradictory hearing, correct the minutes when they do not correctly reflect what transpired. As we stated in State v. Hoover, 203 La. 181, 13 So.2d 784, 787 (1943): "It is the settled rule of law that this court will be guided by the official minutes of the court as to what transpired during the trial of a case. [Citations omitted.] Facts incorrectly recorded in the minutes, however, may be corrected. [Citations omitted.]" See 1 Marr's Criminal Jurisprudence of Louisiana, Section 389 (1923); and see the many decisions cited *835 at West's Louisiana Digest, "Criminal Law".
The original burglary sentence of nine years was thus correctly confirmed by the trial court's correction of the sentence, as reflected by the minutes, to that actually given on the charge at the time sentence was imposed.
With regard to the double jeopardy contention, both the district attorney and the trial judge moved to and did set aside the subsequent theft conviction on the grounds that, as alleged by the relator's post-conviction petition, it was barred by the double jeopardy prohibition. See La. C.Cr.P. arts. 362(6), 591-598. See Tr. 34. The defendant's continued complaint of double jeopardy is thus moot.
The final contention of the relator-defendant is that he should be allowed to withdraw his plea of guilty. Even aside from the showing that it was voluntarily made with the assistance of retained counsel, he is not entitled to do so after sentence has been imposed. La.C.Cr.P. art. 859 only permits the withdrawal of a plea before sentence. Since what actually occurred was a correction of the minutes to reflect the actual sentence imposed, the original sentence was not set aside or corrected. The defendant was thus not resentenced, so as (possibly) to give rise to a right to move to withdraw his former plea of guilty.

Decree
For the foregoing reasons, we find no error in the action of the district court confirming the original sentence of nine years on the burglary charge and correcting the minutes insofar as reflecting otherwise. The case is remanded for the limited purpose of permitting formal correction of the minutes in the respects noted, in order to reflect the actual actions of the court, see Footnote 3.
Sentencing on burglary charge confirmed.
DIXON, J., concurs.
The district has no power to nolle pros after conviction. C.Cr.P. 691.
NOTES
[1] If a trial judge "does not impose a sentence authorized or directed by law, the sentence is illegal," State v. Johnson, 220 La. 64, 55 So. 2d 782, 783 (1951).
[2] See La.C.Cr.P. art. 592: "* * * When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed."
[3] To reflect this, minutes of October 8 should be corrected to show that in CR. 898 70 the defendant was sentenced to nine years and, then, in CR. 893 70 the defendant was sentenced to ten years.
[4] The minute entry for December 14, 1972 was intended to show that the district attorney had "moved to correct the sentence [in CR 893 70]"the reference in brackets which the minute clerk omitted from the original minutes.