| .BYRNES, Judge.
We grant writs in order to consider the State’s argument that an illegal sentence is an absolute nullity, which may be raised at any time. On December 10, 1997, the State filed a bill of information charging the defendant with one count of possession of a firearm while in possession of a narcotic, a violation of La. .R.S. 14:95(E). On April 23, 1998, the defendant withdrew his former plea and entered a plea of guilty to an amended charge of La. R.S. 14:27(95), attempted possession of a firearm, pursuant to La.C.Cr.P. art. 893. The defendant was sentenced to serve two years at hard labor, suspended, and placed on two years active probation with special conditions. The trial court noted that, upon successful completion of one year of probation, the court would consider early termination.
On June 25, 1998, the State filed a motion to correct an illegal sentence. After the hearing on the motion was reset several times, the matter was called on January 12, 1999. At that time, the trial court denied the State’s motion and the State applied for writs.
The trial court stated that it was denying the State’s motion to correct an illegal sentence because the counsel for the State was present at the time of the plea and sentencing and because it appeared that the State was a party to a negotiated plea whereby the defendant would receive a suspended sentence. The State argues to this Court that (1) the sentence was illegal, and (2) the trial court cannot simply | ¿refuse to correct an illegal sentence because the State failed to immediately object to the sentence.
The defendant entered a plea to attempted possession of a weapon while in possession of a narcotic, a violation of La. R.S. 14:27(95 E).[1] La. R.S. 14:27(D)(3) provides that a person convicted of an “attempt” crime shall be fined or imprisoned “in the same manner as for the offense attempted”. La. R.S. 14:95(E) provides that a person convicted of possession of a firearm while in possession of a controlled dangerous substance “shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without benefit of probation, parole, or suspension of sentence” for a first offense. Courts have held that the provisions of La. R.S. 14:27(D)(3) require the trial court to impose a sentence without benefit of probation, parole, or suspension of sentence if the substantive statute includes those restrictions. State v. Williams, 454 So.2d 295 (La.App. 4 Cir.1984); State v. Carter, 619 So.2d 82 (La.App. 2 Cir.1993); State v. Thomas, 604 So.2d 52 (La.App. 5 Cir. 1992); State v. Lindsey, 583 So.2d 1200 (La.App. 1 Cir.1991). Therefore, the trial court could not legally suspend the defendant’s sentence in this case.
Here, the trial court did not dispute that the sentence should not have been suspended. Instead, the court found that the State could not complain because it stood silent during the defendant’s plea and sentencing and appeared to be a party to a plea agreement. The State in its writ argues that its lack of an objection is irrelevant because the illegal sentence is an absolute nullity, citing State v. Johnson, *112 220 La. 64, 55 So.2d 782 (1951), in which the court stated that if a trial court does not impose a legal sentence, “the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence.” Id. at 783-84.
The State’s reliance on Johnson fails to account for factual differences. The party seeking review of the illegal sentence in Johnson was the defendant, not the State. Further, there had been an immediate objection to the sentence and a timely request for review in the Supreme Court. Moreover, Johnson was decided long before the enactment of La.C.Cr.P. art. 881.2, which provides in part:
B. The state may appeal or seek review of a sentence:
(1) If the sentence was imposed not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
Art. 881.1 provides in part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
|4(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In State v. Washington, 621 So.2d 114, 120 (La.App. 2 Cir.1993), writ denied 626 So.2d 1177 (1993), rendered after the enactment of arts. 881.1 and 881.2, the court stated:
The prosecution, in its brief to this court, points out that the trial court failed to impose the mandatory minimum fine of $1,000 and failed to order that the sentence imposed be served without benefit of parole, probation or suspension of sentence, as required by LSA-R.S. 14:95.1. However, the prosecution failed to file a motion to reconsider the sentence in accordance with LSA-C.Cr.P. Art. 881.1 which provides that failure to make or file a motion to reconsider the sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. Further, it is well settled that appellate courts are prohibited from acting to correct an illegally lenient sentence where the prosecution fails to properly preserve the issue for appeal. State v. Fraser, 484 So.2d 122 (La.1986).
Likewise, in State v. Pollard, 93-1960 (La.App. 4 Cir. 7/14/94), 640 So.2d 882, this court found an error in the defendant’s sentence which rendered it illegally lenient. However, citing Washington, this court refused to amend the sentence, noting there was no objection or motion to reconsider sentence filed by the State, |snor did the State seek review of the sentence. See also State v. Green, 93-1432 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, wherein this Court in an en banc decision recognized the defendant’s right to have a *113 sentence corrected on appeal in an errors patent review, even if he had not made an objection or filed a motion to reconsider, if the sentence was illegally excessive on its face, but the State was not afforded the same right if the sentence was illegally lenient on its face.
Here, the State did not object to the sentence at the time it was imposed, nor did it timely file a motion to correct the sentence as mandated by art. 881.2 to seek review of the illegal sentence. According to the docket master, the State filed its motion to correct an illegal sentence on June 25, 1998, almost sixty days after the defendant was sentenced on April 23, 1998. Therefore the motion to correct cannot be considered as a timely motion to reconsider. Accordingly, we find no error in the ruling of the trial court.
WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED.

. The Boykin transcript reflects that defense counsel stated the plea was to “attempted possession of marijuana and attempted possession of an illegal weapon.’’ However, the court reviewed the waiver of rights form with the defendant, and the form showed a plea of guilty to "the crime of attempted possession of a firearm with narcotics.”