|2SOL GOTHARD, Judge.
In this criminal matter, the State of Louisiana filed an appeal with this court seeking review of the sentence imposed on defendant, Kelly Warren. For reasons that follow, we vacate the sentence and remand the matter to the trial court for re-sentencing.
The record shows that defendant was charged, by bill of information filed on June 14, 2000, with possession of more than 28 grams of cocaine, a violation of LSA-R.S. 40:967F. Defendant was arraigned on July 18, 2000, and pled not guilty. On October 26, 2000, defendant withdrew his guilty plea, and pled guilty under the provisions of LSA-R.S. 13:5304. *509 On the same day the trial court sentenced defendant to ten years at hard labor. The court deferred execution of the sentence and placed defendant on five years of active probation, contingent upon defendant’s completion of the Intensive 1 ^Probation Drug Court program. The court further stipulated that if defendant did not successfully complete the drug program, the sentence would be made execu-tory.
Because defendant was not accepted by the drug court program, the State filed a Motion to Make Sentence Executory. On November 18, 2001, the trial court heard the motion and sentenced defendant to ten years at hard labor, and imposed a fine of one thousand dollars. The court suspended the sentence, and placed defendant on five years of active probation, with the provision that he undergo substance abuse treatment. The trial judge noted that he was following new sentencing provisions enacted after the commission of the offense, but prior to sentencing. The court further informed defendant:
If the Fifth Circuit, the State Fifth Circuit Court of Appeal rules that those guidelines are not in effect for people that were convicted of crimes that took place before the guidelines went into effect, then you are going to have to serve ten years with the Department of Corrections.
The prosecutor objected to the sentence, arguing that the court had improperly applied the new sentencing provisions, when it should have applied those in effect at the time of the offense. The prosecutor further argued that the fine imposed was illegally lenient. The judge then informed defendant that “if the State is successful in having [the sentence] overturned, you will not only have ten years in prison to serve, but owe a minimum of a fifty thousand dollar fine.” The State filed a timely Motion for Appeal on November 15, 2001. The motion was granted that day.
|4The only issue for consideration in this appeal is whether the trial court erred in failing to sentence the defendant pursuant to the law in effect at the time of the commission of the offense.
The State challenges defendant’s sentence as illegal, arguing that the trial court erred in applying the sentencing provisions in effect at the time of sentencing rather than those in effect at the time of the commission of the offense. The State further argues that the sentence is illegally lenient in that the fine imposed is less than the minimum required by law, and the court was not authorized to suspend defendant’s sentence or grant probation.
The State is entitled to seek review of an illegal sentence under LSA C.Cr.P. art. 881.2, which provides, in pertinent part: B. The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
Further, LSA-C.Cr.P. art. 882 provides, “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”
The sentence imposed by the trial court is illegally lenient under the version of the statute in effect at the time of *510 the offense, as well as the amended version. The State alleged in the bill of information that defendant | .¡¡committed the offense “on or about” June 1, 2000, As of that date, LSA-R.S. 40:967F provided, in pertinent part:
(1) Except as otherwise authorized in this Part:
(a) Any person who knowingly and intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine ... shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than sixty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
The statute was amended effective June 15, 2001, by 2001 La. Acts, No. 403. Defendant’s sentence was made executory on November 18, 2001. At that time, LSA-R.S. 40:967F provided, in pertinent part:
(1) Except as otherwise authorized in this Part:
(a) Any person who knowingly and intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine ... shall be sentence to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
The ten-year term of imprisonment imposed by the trial court is legal under either version of the statute. However, as the State argues, the one thousand dollar fine is illegally lenient. Moreover, the trial court failed to observe Subsection G of the statute, which currently provides, as it did at the time of the offense:
With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.
The State is correct in its assertion that either version of the statute prohibits the trial court from suspending defendant’s entire sentence and | ¡¡placing him on probation. The Louisiana Supreme Court has held that “an illegal sentence results in a situation where ‘no sentence at all has been imposed, and it [the sentence] must be remanded to the district court so that the judge may impose a legal sentence.’ ” State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976, 981, quoting State v. Johnson, 220 La. 64, 55 So.2d 782, 783 (1951).
Thus, if the earlier sentencing provisions apply, defendant must serve at least the first ten years of his sentence without suspension or probation. If the revised provisions apply, defendant must serve at least the first five years of his sentence without the benefit of probation or suspension.
Section 6 of Act 403, the enacting legislation for the revisions to LSA-R.S. 40:967F, provides, “The provisions of this Act shall only have prospective effect.” Moreover, the courts have long held that the applicable sentencing provisions are those in effect at the time of the offense. In State v. Narcisse, 426 So.2d 118, ISO-131 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983), the Louisiana Supreme Court stated:
It is well settled that a defendant is to be tried under the statute in effect at the time of the commission of the crime. The mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for *511 the offense committed under the former statute.
R.S. 24:171 provides:
“The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.”
|7“The repeal, re-enactment, or amendment of a penal statute does not extinguish or alter the liability for penalty of the former statute, unless the legislature so intends ...” State v. Paciera, 290 So.2d 681, 687 (La.1974).
See also, State v. Clark, 391 So.2d 1174, 1176 (La.1980).
In State v. Sugasti 01-770 (La. App. 5 Cir. 11/27/01), 802 So.2d 943, this Court considered the applicability of 2001 La. Acts, No. 403 to a defendant who was charged with possession of heroin in violation of LSA-R.S. 40:966C. The trial judge imposed the newer, more lenient sentencing provisions, despite the fact that they became effective after the commission of the underlying offense. This Court vacated the sentence, holding that the law in effect at the time of the commission of the offense determines the penalty. In affirming that decision the Supreme Court stated:
While we are aware of the general tenor of the legislation enacted during the 2001 Regular Session with regard to sentencing provisions, we are also cognizant of the fact that sentencing is the province of the legislature. Had it been the intention of the legislature to have the statute apply to all sentences imposed following the effective date of the statute, it could have written the statute to so state.
[[Image here]]
Policy reasons mitigate against holding that the amendment to LSA-R.S. 40:966(C) applies to anyone sentenced after June 15, 2001, regardless of when the offense was committed. To do so would encourage defendants to continually delay prosecution in hope that the legislature would enact more lenient sentences. Additionally, it would be grossly unfair to two defendants who commit the same crime on the same day to be sentenced under different penalties should one defendant successfully delay punishment until after the benefits of a reduced penalty go into effect.
[[Image here]]
Everyone is presumed to know the law, including the penalty provisions that apply. As such, those who engage in criminal activity must face the consequences of their actions, including |sthe penalty provisions that apply as of the date of the offense. (Footnotes omitted)
State v. Sugasti 2001-3407, p. 6 (La.6/21/02), 820 So.2d 518.
■ Accordingly, we vacate the sentence and remand the matter for re-sentencing under the law as it existed at the date of the commission of the offense. We reserve to defendant his right to withdraw his guilty plea.
SENTENCE VACATED; MATTER REMANDED.